**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RICARDO MANUEL MONGE LUNA,**<br><br>***Petitioner*****,**<br>**v.**<br><br>**MARY DE ANDA-YBARRA,** Director of El Paso Field Office, Immigration and Customs Enforcement;<br>**DAVID VENTURELLA,** Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement;<br>**MARKWAYNE MULLIN,** *in his official capacity as* Secretary of the U.S. Department of Homeland Security; **and**<br>**TODD BLANCHE,** *in his official capacity as* U.S. Attorney General,<br><br>***Respondents*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-02008-DCG** |

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner is a Nicaraguan citizen who filed a habeas petition challenging his immigration detention.[1] However, Petitioner recently filed an "Emergency Notification" in which he "request[s] that this Honorable Court dismiss the Habeas Corpus petition so that [he] may be able to [v]oluntarily return to [his] country[,] Nicaragua."[2]

When a plaintiff in a civil case seeks to dismiss their own action before the opposing party has filed a response, a court's approval is not required.[3] That rule applies to habeas cases

[1] *See generally* Pet., ECF No. 3.

[2] *See* Emergency Notification, ECF No. 10, at 1.

[3] Fed. R. Civ. P. 41(a)(1)(A)(i).

too.[4] Respondents have not filed any response in this case. Accordingly, the Court construes Petitioner's "Emergency Notification" as a Notice of Dismissal, for which the Court's approval is not required.

The above-captioned case is therefore **DISMISSED WITHOUT PREJUDICE.**[5]

The Court **CLOSES** the case.

The Clerk of Court **SHALL MAIL** this Order to:

Ricardo Manuel Monge Luna
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Just in case the Government relocates Petitioner to another facility while this mailing is in transit, the Clerk of Court **SHALL ALSO MAIL** this Order to:

Ricardo Manuel Monge Luna
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 14th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[4] *See, e.g.*, *Aguirre v. Robertson*, No. 2:22-cv-07074, 2024 WL 5718393, at *3 (C.D. Cal.) (indicating that Rule 41(a)(1)(A)(i) applies in the habeas corpus context), *report and recommendation accepted by* 2024 WL 5718395 (C.D. Cal. July 25, 2024); *Brackeen v. United States*, No. 3:19-cv-176-M-BN, 2019 WL 4060437, at *1–2 (N.D. Tex.), *report and recommendation accepted by* 2019 WL 4054927 (N.D. Tex. Aug. 28, 2019) (same); *see also Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 & nn.30–31 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules." (citations omitted)).

[5] The first time a party voluntarily dismisses their own case, that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).